UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH LAVELE WHIGUM,

                  Plaintiff,

  v.                                                      Case No. 22-cv-1561-pp

DIANNE MARGARET ERICKSON,

                  Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

      Kenneth Lavele Whigum, who is incarcerated at the Milwaukee County Jail and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant, who was his public defender in a criminal case in Wisconsin state court, violated his rights under federal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and dismisses the case.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On January 27, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $85.34. Dkt. No. 8. The court received that fee on February 8, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued Attorney Dianne Margaret Erickson, whom he alleges works for Wasielewski and Erickson Attorney at Law in Milwaukee, Wisconsin. Dkt. No. 1 at 2. The plaintiff alleges that at his first meeting with the defendant on November 15, 2022, the defendant told him that he had no constitutional rights and that "[he] was going to end up like Darrell Brooks . . . guilty." Id. The plaintiff states that the next day in Judge Kori Ashley's courtroom, he reported what the defendant had told him and the defendant admitted to "saying everything [the plaintiff] wrote in a grievance form to the Office of Lawyer Regulation." Id. He alleges that two weeks later, in Judge Franke's courtroom, the plaintiff asked the defendant if he had a Sixth Amendment right to face his accusers at trial and she replied, "No, not if they find other ways to convict you." Id. at 3. The plaintiff states that when he returned to his pod, he wrote another grievance to the Office of Lawyer Regulation. Id.

3

The plaintiff alleges that he has no communication with the defendant, that the defendant is argumentative with him, that she disregards his written suggestions and that she performs and speaks to him like he's a slave. Id. at 3-4. The plaintiff also states that the defendant's conduct is unprofessional and unconstitutional and that he is having mental health issues, losing sleep and suffering from high blood pressure because he is constantly worrying about his case. Id. at 4. He asserts that the defendant does not want to call any of his witnesses, saying that there isn't enough time. Id. He alleges that the defendant is "constantly" having off-the-record conversations with the prosecutor, but that she refuses to disclose the contents of those discussions to the plaintiff. Id. at 4-5. The plaintiff says he wrote a letter to Judge Kori Ashley informing her of the conduct and that he wanted to fire the defendant as his lawyer. Id. at 5. He believes that the defendant is being malicious and vindictive because he complained about her to the Office of Lawyer Regulation and to Judge Ashley. Id. For relief, the plaintiff seeks $150,000 and that the court suspend the defendant's law license. Id. at 6.

C. Analysis

Wisconsin online court records show that from November 12, 2022 through December 12, 2022, the defendant was the plaintiff's public defender in Wisconsin v. Whigum, Case No. 2020CF183 (Milwaukee County) and Wisconsin v. Whigum, Case No. 2021CF3142, (Milwaukee County). See wcca.wicourts.gov.

As noted, to state a claim under 42 U.S.C. §1983, a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of United States. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). The alleged deprivation must have been committed by a person acting

under the color of state law, which means that the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id.; West v. Atkins, 487 U.S. 42, 49 (1988). Criminal defense attorneys cannot be sued under §1983 because they do not act under the color of state law; they are the adversary of the State. Polk County v. Dodson, 454 U.S. 312, 318, 325 (1981); see Swift v. Swift, 556 F. App'x 509, 510-11 (7th Cir. 2014); West v. Atkins, 487 U.S. at 50. Even attorneys who are appointed are not acting under the color of state law. Polk, 454 U.S. at 318 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

The plaintiff already has filed complaints with the Office of Lawyer Regulation, which is one way to address concerns about a lawyer's performance. He might be able to bring a malpractice claim against the defendant in state court, or, if he is convicted of criminal charges,[1] he might be able to raise a claim of ineffective assistance of counsel on direct appeal of his conviction or in a federal *habeas* petition under 28 U.S.C. §2254. The plaintiff has not, however, stated a claim against the defendant under §1983. The court must dismiss the case.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

---

[1] The criminal cases cited above are still open. In Case Number 20CF183, a jury trial is scheduled for March 17, 2023. In Case Number 21CF3142, a preliminary hearing is scheduled for March 14, 2023.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$264.66** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
